UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY L. LASS,

        Petitioner,

    v.                                              Case No. 21-cv-578-pp

LARRY FUCHS,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

On May 5, 2021, the petitioner, represented by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2016 convictions in Milwaukee County for strangulation and suffocation, aggravated battery, second-degree sexual assault, felony intimidation of a witness, misdemeanor battery and felony intimidation of a victim. Dkt. No. 1 at 1, 23-24. The petitioner has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and requires the respondent to answer or otherwise respond.

**I.    Background**

In 2012, the State of Wisconsin charged the petitioner with three counts of strangulation and suffocation, two counts of aggravated battery, three counts of intimidation of a victim, second-degree sexual assault, and two

counts of misdemeanor battery. Dkt. No. 1 at 1, 23-24; see also State v. Lass, Milwaukee County Case No. 2013CF1603 (available at https://wcca.wicourt.gov). On December 16, 2015, the jury found the petitioner guilty on all counts except Count Three—one of the intimidation of a victim counts. State v. Lass, Milwaukee County Case No. 13CF1603 (available at https://wcca.wicourts.gov). Two months later, the court sentenced the petitioner to thirty-nine years of initial confinement followed by sixteen years of extended supervision. Dkt. No. 1 at 1. The clerk entered judgment the same day. Id.

On April 13, 2018, the petitioner filed a postconviction motion for a new trial. Id. at 23. The motion alleged ineffective assistance of counsel. Id. Six and a half months later, the court denied the motion. Id. at 29. On June 23, 2020, the Wisconsin Court of Appeals affirmed the convictions and the denial of his postconviction motion. Id. at 2, 34. Four months later, the Wisconsin Supreme Court denied the petition for review. Id. at 2-3.

On May 6, 2021, the petitioner filed this federal *habeas* petition. Dkt. No. 1.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition asserts four grounds for relief: (1) "The state engaged in vindictive prosecution by charging the petitioner with multiple felony counts following the [petitioner's] successful mistrial motion on misdemeanor counts;" (2) ineffective assistance of counsel for a failure to move to suppress on Fifth Amendment grounds statements the petitioner had been compelled to make in a probation journal; (3) "[the petitioner] was denied his constitutional right to self-representation because, during trial the judge would not allow [the petitioner] to directly participate in side-bar conferences;" and (4) a due process violation stemming from the circuit court's reliance on inaccurate information at sentencing. Dkt. No. 1 at 5-10.

The petitioner has stated cognizable constitutional claims. See Williams v. Bartow, 481 F.3d 492, 501-02 (7th Cir. 2007) (considering on *habeas* review a claim that a change in charges resulting in the potential for harsher penalties constituted vindictive prosecution); Edmond v. United States, 899 F.3d 446, 452 (7th Cir. 2018) (considering an ineffective assistance of counsel claim on *habeas* review); Freeman v. Pierce, 878 F.3d 580, 585 (7th Cir. 2017) (considering on *habeas* review a Sixth Amendment claim based on self-representation); Lechner v. Frank, 341 F.3d 635, 639 (7th Cir. 2003) (considering a due process claim based on reliance on inaccurate information at sentencing on *habeas* review). At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief.

## III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition. Dkt. No. 1.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**