UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY L. LASS,

        Petitioner,

  v.                                    Case No. 21-cv-578-pp

LARRY FUCHS,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 5)**

---

On May 6, 2021, the petitioner, represented by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2016 convictions in Milwaukee County for strangulation and suffocation, aggravated battery, second-degree sexual assault, felony intimidation of a witness, misdemeanor battery and felony intimidation of a victim. Dkt. No. 1 at 1, 23-24.

On July 15, 2021, the court screened the petition and allowed the petitioner to proceed on each of his claims. Dkt. No. 4. Under its normal practice when screening *habeas* petitions, the court ordered "that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue." Id. at 5. The court's order further indicated that

1

> Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).
>
> The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Id. at 6.

On October 5, 2021, the petitioner, by counsel, filed a motion for default judgment on the grounds that the respondent did not comply with the court's order to answer or otherwise respond to the petition within sixty days. Dkt. No. 5. The petitioner correctly notes the court's order and observes that the docket shows no answer or response to the petition. Id. at 1. However, when reviewing this motion, the court realized that the petitioner had not entered a respondent on the electronic docket when he filed the petition. That fact was subsequently overlooked by court staff, so the court's July 15, 2021 screening order was never electronically delivered to the Wisconsin Department of Justice for service on the respondent. Because service was never effected, the respondent is not in default for failing to answer or otherwise respond to the petition. Even if service had been effected, the petitioner did not comply with Federal Rule of Civil Procedure 55 when he filed his motion for default judgment. Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in *habeas* cases. Rule 55 requires a two-step process

2

Case 2:21-cv-00578-WED   Filed 10/07/21   Page 2 of 5   Document 6

before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond. After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). The petitioner omitted step one in this case and, therefore, did not properly seek default. The court will deny the motion. The court has now added the respondent to the docket and will order the respondent to file a response to the petition.

The court **DENIES** the petitioner's motion for default judgment. Dkt. No. 5.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the

court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 7th day of October, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**